```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
```

JOSEPH NICK BOSQUET,                              :

             Petitioner,                 :

          -against-                          :

JOHN D. ASHCROFT, Attorney General of the   :
United States, DEPARTMENT OF HOMELAND
SECURITY,                                         :

             Respondents.                 :

```
-----------------------------------------x
```

04 Civ. 7983 (LAP) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Chief Magistrate Judge:**

**To the Honorable Loretta A. Preska, United States District Judge:**

        The Real ID Act of 2005, part of the "Emergency Supplemental Application Act for Defense, The Global War on Terror, and Tsunami Relief, 2005," P.L. 109-13, 2005 HR 1268, 119 Stat. 231, was enacted May 11, 2005. That Act amends 8 U.S.C. § 1252 to remove jurisdiction of the District Courts and transfers it to the Court of Appeals to review removal decisions:

> (c) TRANSFER OF CASES. – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed. . . .

Real ID Act, § 106.

        Accordingly, the Court should transfer this case to the Second Circuit. However, because I had prepared a draft Report and Recommendation before learning of this change in the law, I attach it hereto as an "Appendix" for the edification of the parties and the Second Circuit.

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, Room 1320, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Preska. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  New York, New York
        May 27, 2005

                                    Respectfully submitted,

                                    _____
                                    **Andrew J. Peck**
                                    United States Chief Magistrate Judge

Copies to:  Joseph Nick Bosquet
            Patricia L. Buchanan, Esq.
            Judge Loretta A. Preska

**APPENDIX**

Pro se petitioner Joseph Nick Bosquet brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the final administrative order of removal by the Board of Immigration Appeals ("BIA") (Dkt. No. 2: Pet.) following this Court's remand to the BIA of Bosquet's first habeas petition. See Bosquet v. INS, 00 Civ. 6152, 2001 WL 1029368 (S.D.N.Y. Sept. 6, 2001) (Peck, M.J.), report & rec. adopted, 00 Civ. 6152, (Dkt. No. 11) (S.D.N.Y. Jan. 7, 2002) (Daniels, D.J.) ("Bosquet I"). The Immigration Judge had found Bosquet legally eligible but factually ineligible for § 212(c) relief from removal, while the BIA on appeal found that the AEDPA made Bosquet legally ineligible for § 212(c) relief, an interpretation subsequently rejected by Second Circuit caselaw. See Bosquet I, 2001 WL 1029368 at *1-2. In Bosquet I, the INS argued that at the time of Bosquet's first habeas petition, he had spent five years in prison and thus would be ineligible for § 212(c) relief. The Court in Bosquet I found that he had not spent five years in prison at the time of the original BIA decision, and remanded to the BIA to review the grounds of the IJ's decision or to decide whether there was another basis to deny § 212(c) relief (e.g., because at the time of the remand decision Bosquet would have been imprisoned for five years). Bosquet I, 2001 WL 1029368 at *3. On remand, the BIA found Bosquet ineligible for § 212(c) relief because, including his pre-trial detention, he in fact had served five years in prison as of the BIA's initial decision. (Dkt. No. 9: Buchanan Aff. Ex. C: 9/16/02 BIA Decision.)

Bosquet's current habeas petition alleges that: (1) he was denied due process of law when the BIA rendered him ineligible for § 212(c) relief before Bosquet had served five years in prison (Pet. ¶ 12(A)); (2) the BIA should be estopped from enforcing its deportation order because of its "affirmative misconduct" in waiting to render its final decision until after Bosquet had served

five years in prison (Pet. ¶ 12(B)); and (3) he is entitled to § 212(c) relief from removal (Pet. ¶ 12(C)).

For the reasons set forth below, Bosquet's petition should be DENIED.

## FACTS

The facts are discussed in this Court's previous decision remanding Bosquet's case to the BIA, Bosquet I, 2001 WL 1029368 at *1-2, and only those facts relevant to decision of the issue before this Court are set forth below.

Bosquet is a native and citizen of Haiti who was admitted to the United States on March 28, 1987 as a lawful permanent resident. (Dkt. No. 9: Buchanan Aff. Ex. A: Certified Administrative Record ["R."] 102, 407, 426.) In January 1994, Bosquet was convicted and sentenced to eight to twenty-four years imprisonment, based on his guilty plea to two different first degree robbery offenses, in violation of N.Y. Penal Law § 160.15. (R. 236, 383-84, 392-93, 398-99, 406.) On October 9, 1992, Bosquet was arrested for these offenses. (R. 352, 370.) Bosquet initially made bail but subsequently was taken into pre-trial custody in December 1992. (R. 114, 235-36; see also Buchanan Aff. Ex. D.) He has remained in state custody thereafter (except for about a month); Bosquet's petition states that he was scheduled to be released from the New York State Department of Corrections and taken into custody by the Immigration and Naturalization Service ("INS")[1/] in October 2004, but a check with DOCS reveals that he still is in state custody. Bosquet was credited

---

[1/] "As of March 1, 2003, pursuant to the Homeland Security Act, the INS was abolished and its authority and functions were transferred to the newly-created Department of Homeland Security." Thompson v. Ridge, 04 Civ. 0429, 2005 WL 433277 at *1 n.2 (S.D.N.Y. Feb. 24, 2005) (Peck, M.J.); see also, e.g., Campbell v. Ganter, 353 F. Supp. 2d 332, 335-36 (E.D.N.Y. 2004); Mattis v. Ashcroft, 04 Civ. 2333, 2004 WL 2471314 at *1 n.1 (S.D.N.Y. Nov. 3, 2004). For purposes of this Report and Recommendation, the Court refers to the agency as the INS.

with 421 days from his pre-trial detention toward his sentence of eight to twenty-four years. (Buchanan Aff. Ex. D: 3/17/05 Susan Wilson, Inmate Records Coordinator II, Letter.)[2/]

**The Original INS Proceedings**

On December 9, 1994, the INS commenced deportation proceedings against Bosquet by filing an order to show cause and notice of hearing. (R. 426-33; accord, Buchanan Aff. Ex. B: "Order to Show Cause and Notice of Hearing.") After removal hearings (R. 131-307), by decision dated February 6, 1997, an Immigration Judge ("IJ") ordered Bosquet deported from the United States as charged by the INS. (R. 101-30.) The IJ also found Bosquet legally eligible for § 212(c) discretionary relief since his application for such relief predated the AEDPA's enactment (R. 105-08), but held that, in light of "the severity of [Bosquet's] criminal history involving multiple armed robberies (R. 129),": Bosquet did not merit relief pursuant to INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996), which provided for discretionary relief from removal for aliens in the United States for seven years or more. (R. 108-30.) Bosquet appealed the IJ's decision to the BIA. (R. 96-99.)

On March 16, 1998, the BIA denied Bosquet's appeal. (R. 10.) The BIA determined that AEDPA § 440(d) – which provides that specified categories of deportable criminal aliens are not eligible for § 212(c) relief – rendered Bosquet ineligible for a discretionary waiver of deportation. (R. 10.) In reaching this determination, the BIA relied on the Attorney General's decision in Matter of Soriano, 21 I & N Dec. 516, 1996 WL 426888 (BIA 1996), that AEDPA § 440(d) applies to

---

[2/] This letter, sent to the Government apparently at its request, lists Bosquet's first date of his pre-trial detention as November 9, 1992. The letter also states that Bosquet was credited 421 days from pretrial detention toward his sentence. (Id.) "This would mean, including the credited [pretrial] jail time, he would have served 5 years, 2 months and 28 days by March 16, 1998" (id.), the date of the BIA's initial decision.

aliens, like Bosquet, whose § 212(c) applications were pending on the AEDPA's April 24, 1996 enactment date. (R. 10.) The BIA did not make an alternative ruling on the merits.

On September 18, 1998, in Henderson v. INS, 157 F.3d 106, 128-31 (2d Cir. 1998), cert. denied, 526 U.S. 1004, 119 S. Ct. 1141 (1999), the Second Circuit rejected the Attorney General's interpretation in Soriano of AEDPA § 440(d), and held that AEDPA § 440(d) does not apply to aliens whose deportation proceedings were pending on the AEDPA's enactment date.

**Bosquet's Prior Habeas Petition and This Court's Decision to Remand to the BIA**

Bosquet filed his first habeas petition, dated July 16, 2000, asserting that he was entitled to habeas relief in light of Henderson. See Bosquet I, 2001 WL 1029368 at *2. On September 6, 2001, this Court issued a Report and Recommendation, thereafter adopted by Judge Daniels (see 00 Civ. 6152, Dkt. No. 11: 1/7/02 Order), granting Bosquet's petition "to the extent of remanding to the BIA for further proceedings consistent with this Report and Recommendation." Bosquet I, 2001 WL 1029368 at *1. This Court held:

> In January 1994, Bosquet was convicted of robbery. . . . Thus, Bosquet's time in prison passed the five year mark in January 1999, after the IJ and BIA rendered their decisions, but before Bosquet filed the instant habeas petition (and, obviously, before any future BIA decision on remand).
>
> . . . .
>
> The Court believes that the best course is to remand to the BIA, which, because of its erroneous disposition on AEDPA retroactivity grounds, never reached the IJ's determination that Bosquet was not, as a matter of discretion, eligible for § 212(c) relief. If the BIA on remand affirms on the basis of the IJ's discretion-based decision, then neither the BIA nor a reviewing court would need to reach any issue as to the five year bar. See INS v. Rios-Pineda, 471 U.S. 444, 449, 105 S. Ct. 2098, 2102 (1985) ("We have also held that if the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met."). If, on the other hand, the BIA on remand decides that Bosquet is statutorily ineligible for § 212(c) relief because he now has served over five years imprisonment, that determination would be subject to judicial

review in a subsequent § 2241 habeas petition. With the benefit of an agency decision on point, the Court would be in a better position to decide the issue.

Bosquet I, 2001 WL 1029368 at *3 (fns. omitted). Neither Bosquet nor the INS appealed to the Second Circuit, and judgment was entered remanding the case to the BIA. (See 00 Civ. 6152, Dkt. No. 12: Judgment.)

**The BIA's Decision on Remand**

On remand, on September 16, 2002, the BIA found Bosquet ineligible for § 212(c) relief, holding:

> Under section 212(c) of the Act, an alien is not eligible for the relief if he "has been convicted of one of more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." See also Matter of Davis, Interim Decision 3439 (BIA 2000); Matter of A-A-, 20 I&N Dec. 492 (BIA 1992). In this case, the respondent testified, and the Immigration Judge found, that he had been incarcerated from December of 1992 until the time of the hearing, when he was still incarcerated. Thus, at the time of the Immigration Judge's decision, the respondent had not yet been imprisoned for 5 years or more. However, by the time of the Board's decision in March of 1998, the respondent had, contrary to the statement made in the magistrate's decision, already been incarcerated for 5 years or more. Therefore, even at that time, he was ineligible for section 212(c) relief.
>
> We find that we can and must consider the fact that the respondent has served 5 years or more for his criminal offenses in assessing his eligibility for a section 212(c) waiver. It is well-settled that an application for relief from deportation is a continuing one, and the law to be applied is the law existing at the time the case is finally decided. See Matter of A-A-, supra, and cases cited therein. The respondent has served 5 years or more for his crime. Under the clear language of section 212(c) of the Act, which does not include time restrictions on its applicability, an alien becomes ineligible for the relief whenever he has served 5 years imprisonment prior to being granted the relief.
>
> Therefore, notwithstanding the Second Circuit's decision in Henderson v. INS, supra, or the Supreme Court's decision in INS v. St. Cyr, supra, the respondent is statutorily ineligible for a section 212(c) waiver. Accordingly, his appeal must be and hereby is again dismissed.

(Buchanan Aff. Ex. C: 9/16/02 BIA Decision at 2, emphasis added.)[3/]

**Bosquet's Present Habeas Petition**

Bosquet's present petition alleges that: (1) he was denied due process of law when the BIA rendered him ineligible for § 212(c) relief before Bosquet had served five years in prison (Pet. ¶ 12(A)); (2) the BIA should be estopped from enforcing its deportation order because of its "affirmative misconduct" in waiting to render its final decision until after Bosquet had served five years in prison (Pet. ¶ 12(B)); and (3) he is entitled to § 212(c) relief from removal (Pet. ¶ 12(C)).

## ANALYSIS

### I. BOSQUET IS INELIGIBLE FOR SECTION 212(C) RELIEF[4/]

Bosquet contends that the IJ and the BIA rendered "its decision **prior** to petitioner's five (5) year imprisonment period." (Dkt. No. 2: Pet. ¶ 12(A), emphasis in original.) However, the BIA clarified in its September 16, 2002 decision that Bosquet "testified, and the Immigration Judge

---

[3/] The Court notes that while the fact of Bosquet's pretrial detention was in the Certified Administrative Record before the Court on Bosquet's prior habeas petition, it was <u>not</u> relied upon by the INS nor in any way called to this Court's, or Judge Daniels', attention by the INS (or Bosquet).

[4/] The Government argues that this Court lacks jurisdiction to consider Bosquet's petition because habeas jurisdiction "'does not extend to review of <u>factual</u> or discretionary determinations.'" (Dkt. No. 8: Gov't Br. at 12-13.) However, the Second Circuit has made clear that this Court at the minimum has subject matter jurisdiction under 28 U.S.C. § 2241 to review nondiscretionary, constitutional and statutory determinations by the BIA. See Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001) ("'We have held that federal courts retain jurisdiction to review 'purely legal statutory and constitutional claims.'"), cert. denied, 536 U.S. 941, 122 S. Ct. 2624 (2002). Since the Court is reviewing the BIA's statutory determination as to the applicability of the five year bar, the Court has jurisdiction over this petition.

The Government also argues that the Attorney General is not the proper respondent. (Gov't Br. at 7-12.) Because this Court should dismiss the petition due to the five year statutory bar, it need not decide this issue.

found, that [Bosquet] had been incarcerated from December of 1992 until the time of the hearing, when he was still incarcerated." (Dkt. No. 9: Buchanan Aff. Ex. C: 9/16/02 BIA Decision; see R. 114, 235-36.) Thus, as of the BIA's initial decision, March 16, 1998, Bosquet had been imprisoned more than five years, if Bosquet's pre-trial detention counts toward the five-year bar.

### A. Bosquet's Pre-Trial Detention Should Count Toward the Five-Year Statutory Bar Rendering Him Ineligible for § 212(c) Relief

Section 212(c) provides that discretionary relief "shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) (repealed 1996). As this Court explained in Bosquet I, "[t]he Second Circuit has held that prison time served as of the date the IJ [or the BIA] renders its decision should be counted towards the § 212(c) five year eligibility bar." Bosquet I, 2001 WL 1029368 at *3 (citing Buitrago-Cuesta v. INS, 7 F.3d 291, 296 (2d Cir. 1994) ("Just as we credit aliens for time spent in the country while an appeal is pending before the BIA so that they are eligible for § 212(c) relief, we will also consider the time aliens spend in prison during the course of a hearing for purposes of rendering them ineligible for § 212(c) relief.")

However, the Second Circuit has not yet determined whether pre-trial detention, credited toward a criminal defendant's sentence, counts toward the § 212(c) five-year bar. See Edwards v. INS, 393 F.3d 299, 305 n.7 (2d Cir. 2004) ("It remains an open question in this circuit whether time accrued in pretrial detention should be counted in calculating whether the five year bar applies."); Restrepo v. McElroy, 354 F. Supp. 2d 254, 255-56 (E.D.N.Y. 2005) (recognizing that "[p]re-trial custody, which is later credited toward time served, has not clearly been held to count toward establishing the section 212(c) five-year bar," but citing cases, without deciding the issue,

that support a finding that time credited for pre-trial detention counts toward the five year bar.) Cases that have decided the issue have held that pre-trial detention counts toward the five-year bar. See, e.g., Jackson v. Ashcroft, No. Civ. A. 02CV1739, 2003 WL 22272593 at *4-5 (D. Conn. Sept. 28, 2003); Gordon v. Ashcroft, 283 F. Supp. 2d 435, 440 (D. Mass. 2003); Saldana v. DeMore, No. C 02-1963, 2002 WL 1000168 at *2-3 (N.D. Cal. May 3, 2002); Mezrioui v. INS, 154 F. Supp. 2d 274, 277-78 (D. Conn. 2001).[5]

This Court agrees. First, the plain language of the statute does not dictate a different result. Section 212(c) refers only to a "term of imprisonment of at least five years."[6] Thus, nothing in the language of the statute would indicate an intent to exclude pre-trial custody from the time-bar. Second, as other district courts within this Circuit have noted, logic dictates that since the time Bosquet spent in pre-trial custody was credited toward his sentence on his robbery conviction under

---

[5] See also Crosswell v. INS, No. 01-2674, 50 Fed. Appx. 486, 488, 2002 WL 31527917 at *2 (2d Cir. 2002) (Petitioner's "pre-trial detention started on April 1, 1989, he was sentenced on March 22, 1990, and he was resentenced on November 25, 1992. Regardless of which one of these events started the five-year period, [petitioner] had clearly spent more than five years in prison before the Immigration Judge found him deportable on March 25, 1998."); Matter of Rodriguez, No. A91-245-705, 2004 WL 880278 (BIA Mar. 10, 2004) (finding respondent had served more than five years incarceration for his aggravated felony offense because the BIA included the time he served before his conviction); cf. Saravia-Paguda v. Ridge, No. C 04-03940, 2005 WL 88967 at *5 (N.D. Cal. Jan. 13, 2005) (BIA did not err in considering time served pursuant to a sentence enhancement."); Matter of Valdovinos, 18 I. & N. Dec. 343, 344-45, 1982 WL 190702 (BIA Nov. 1, 1982) (respondent's pre-trial detention counts toward the statutory bar precluding the establishment of good moral character necessary for voluntary departure under 8 U.S.C. § 1254(e) (repealed 1996)).

[6] Section 1101(a)(48)(B) defines "a term of imprisonment or a sentence with respect to an offense" as including "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B).

New York law (see pages 4-5 & n.2 above),[7/] that time should be included in the calculation of his "term of imprisonment" for purposes of § 212(c) eligibility. See Jackson v. Ashcroft, 2003 WL 22272593 at *4 ("[T]his Court agrees with the reasoning of Mezrioui, that to the extent [petitioner] 'gets credit against his sentence for pretrial time served pursuant to [state law], logic suggests that those same periods should be included in the calculation for purposes of determining whether petition [sic] has served five years imprisonment and is thus ineligible for 212(c) relief.'") (quoting Mezrioui v. INS, 154 F. Supp. 2d at 277 n.2).

Therefore, by March 16, 1998, the date of the BIA's original decision, Bosquet was already ineligible for § 212(c) relief. (See page 7 above.) The BIA therefore properly dismissed his appeal and Bosquet's habeas petition should be denied.

Because this Court's decision is based on Bosquet's five years of imprisonment as of the BIA's first decision on March 16, 1998, Bosquet's second (and third) habeas claim that the BIA should be estopped from "further proceeding" against him "due to its affirmative misconduct" in reissuing a second order on remand "after awaiting the passage of the five (5) year period," is moot. (See Dkt. No. 2: Pet. ¶ 12(B), (C).)

## CONCLUSION

For the reasons discussed above, Bosquet's habeas petition should be DENIED.

---

[7/]  N.Y. Penal Law § 70.30(3) provides:

> The term of a definite sentence, a determinate sentence, or a maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.